**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Della M Cook, | No. CV-25-01139-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Araceli Chagollan, et al., | |
| Defendants. | |

*Pro se* Plaintiff Della Cook ("Plaintiff") has filed an Application to Proceed in District Court Without Prepaying Fees or Cost (Doc. 2). Upon review, Plaintiffs' Application, signed under penalty of perjury, indicates that she is financially unable to pay the filing fee. The Court will grant Plaintiff's Application and allow her to proceed *in forma pauperis* ("IFP"). The Court will proceed to screen Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) (Doc. 1).

## I.    Legal Standard

When a party has been granted IFP status, the Court must review the complaint to determine whether the action:

>    (i)    is frivolous or malicious;

>    (ii)    fails to state a claim on which relief may be granted; or

>    (iii)    seeks monetary relief against a defendant who is immune from such relief.

*See* 28 U.S.C. § 1915(e)(2)(B).[1]  In conducting this review, "section 1915(e) not only

---

[1] "While much of § 1915 outlines how prisoners can file proceedings *in forma pauperis*, § 1915(e) applies to all *in forma pauperis* proceedings, not just those filed by prisoners."

permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted).

Federal Rule of Civil Procedure 8(a) requires complaints to make "a short and plain statement of the claim showing that the pleader is entitled to relief." While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[2] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will a complaint suffice if it presents nothing more than "naked assertions" without "further factual enhancement." *Id.* at 557.

The Court must accept all well-pleaded factual allegations as true and interpret the facts in the light most favorable to the plaintiff. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). That rule does not apply, however, to legal conclusions. *Iqbal*, 556 U.S. at 678. The Court is mindful that it must "construe pro se filings liberally when evaluating them under *Iqbal*." *Jackson v. Barnes*, 749 F.3d 755, 763–64 (9th Cir. 2014) (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

---

*Long v. Maricopa Cmty. Coll. Dist.*, 2012 WL 588965, at *1 (D. Ariz. Feb. 22, 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints[.]"); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.") (citation omitted). Therefore, section 1915 applies to this non-prisoner IFP Complaint.

[2] "Although the *Iqbal* Court was addressing pleading standards in the context of a Rule 12(b)(6) motion, the Court finds that those standards also apply in the initial screening of a complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A since *Iqbal* discusses the general pleading standards of Rule 8, which apply in all civil actions." *McLemore v. Dennis Dillon Auto. Grp., Inc.*, 2013 WL 97767, at *2 n.1 (D. Idaho Jan. 8, 2013).

1    **II.    Discussion**

2        Plaintiff purports to bring the following claims against Defendants Araceli

3    Chagollan, Perry Petrilli, Araceli Mendoza and Hacienda Healthcare ("Defendants"):

4    (1) racial discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§

5    2000e to 2000e-17; (2) retaliation in violation of Title VII and the Arizona's Employment

6    Protection Act ("AEPA"), A.R.S. § 23-1501 (protection from retaliatory discharges); and

7    (3) wrongful termination based in race in violation of Title VII. (Doc. 1 at 6). The Court

8    will first address whether Plaintiff's claims are timely.

9        **A.    Plaintiff's Federal Claims are Untimely**

10        To bring a Title VII claim in district court, a plaintiff must first exhaust her

11    administrative remedies. *Sommatino v. United States*, 255 F.3d 704, 707 (9th Cir. 2001)

12    (citing 42 U.S.C. § 2000e–16(c)). A plaintiff wishing to sue under Title VII must first file

13    a charge with the Equal Employment Opportunity Commission ("EEOC") and receive a

14    letter permitting suit in court. 42 U.S.C. § 2000e-5; *Scott v. Gino Morena Enterprises,*

15    *LLC*, 888 F.3d 1101, 1104 (9th Cir. 2018). Once a plaintiff has received this "right-to-sue

16    letter" from the EEOC, they have ninety days to file their Title VII claims in court.

17    *Mehboob v. Desert Auto Grp. V LLC*, 2023 WL 4096221, at *2 (S.D. Cal. June 16, 2023)

18    (citing 42 U.S.C. § 2000e-5(f)(1)). "[T]he 90-day filing period is a statute of limitations[.]"

19    *Stiefel v. Bechtel Corp.*, 624 F.3d 1240, 1245 (9th Cir. 2010) (quoting *Valenzuela v. Kraft*,

20    801 F.2d 1170, 1174 (9th Cir. 1986)).

21        Plaintiff has attached her Right to Sue Letter issued by the EEOC on December 31,

22    2024. (Doc. 1 at 8). The Letter states that the EEOC "will not proceed further with its

23    investigation and makes no determination about whether further investigation would

24    establish violations[.]" (*Id.*) The Letter also informs Plaintiff that, if she chooses to sue,

25    any lawsuit "**must be filed WITHIN 90 DAYS of your receipt of this notice**." (*Id.*)

26    (emphasis in original). Plaintiff filed her Complaint on April 7, 2025. (Doc. 1). However,

27    the 90-day deadline in which Plaintiff could file suit ran on March 31, 2025. (*See id.* at 8).

28    Thus, Plaintiff's Complaint is untimely and must be dismissed. *See Stiefel,* 624 F.3d at

1245; *see also Madison v. Lab'ys*, 2016 WL 3254194, at *1 (D. Ariz. June 14, 2016) ("The ninety-day period acts as a limitation period and therefore, if a claimant fails to file suit within this period, the action is time-barred.").

### B.    Plaintiff's AEPA Retaliation Claim

Plaintiff also purports to raise a claim for retaliation under the AEPA, A.R.S. § 23-1501.  (Doc. 1 at 3).  Yet, she does not cite to a specific provision of Section 23-1501.  (*See id*.)  Section 23-1501(c) applies to retaliatory termination.  It states that an employee has the right to bring a tort claim for wrongful termination in several instances, such as a termination following "[t]he refusal by the employee to commit an act or omission that would violate the Constitution of Arizona or the statutes of this state."  A.R.S. § 23-1501(c)(1).

Here, however, all of Plaintiff's claims relate to racially motivated termination.  (*See* Doc. 1 at 5-6).  She does not describe how her termination resulted from acts described in Section 23-1501(c).  (*See id*.)  Thus, Plaintiff has failed to allege a claim for retaliation under the AEPA.  *See* A.R.S. § 23-1501; *Lopez*, 203 F.3d at 1127.

### C.    Leave to Amend

If the court dismisses a claim for failure to state a claim, it must then determine whether to grant leave to amend. *See Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).  The Court should generally provide leave to amend unless it is clear that the complaint could not be saved by any amendment.  *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co*., 519 F.3d 1025, 1031 (9th Cir. 2008).  The Court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on [the] part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party . . . [and] futility of amendment.' "  *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182, (1962)).  *Pro se* litigants "must be given leave to amend [their] complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.' "  *Reed v. Muhammed*, 2024 WL

4846757, at *1 (C.D. Cal. Sept. 18, 2024) (quoting *Colbert v. Borg*, 967 F.2d 585, 585 (9th Cir. 1992)).

The Court cannot give Plaintiff leave to amend here since her federal claims are time barred and any amendment to these claims would therefore be futile.  *See Stiefel,* 624 F.3d at 1245; *Carvalho*, 629 F.3d at 893.  Furthermore, the dismissal of Plaintiff's federal claims on timeliness grounds strips the Court of subject matter jurisdiction over her AEPA retaliation claim.  *See Arbaugh v. Y&H Corp*., 546 U.S. 500, 514 (2006) ("when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").  Thus, the Court must dismiss these claims, but it will do so without prejudice so that Plaintiff may still file her AEPA claim in state court.  *See King v. Tarver*, 2025 WL 1167552, at *9 (E.D. Cal. Apr. 22, 2025) ("while this action should be dismissed without prejudice, it is without prejudice as to the merits, which are open to review in state court to the extent state laws permit such review. Plaintiff cannot refile the claims raised in the instant action[.]") (citing *Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004)).

Accordingly,

**IT IS ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice.**   The Clerk of Court is kindly directed to terminate this matter.

Dated this 18th day of August, 2025.

Honorable Diane J. Humetewa
United States District Judge